IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDREY DERRIG ROBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-324J |
| NANCY A. BERRYHILL,[1] | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

OPINION

AMBROSE, Senior District Judge

This case is before the court upon plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Currently pending are the parties'' cross-motions for summary judgment. For the following reasons, Plaintiff's motion for summary judgment (ECF No. 10) will be granted in part, the Acting Commissioner's motion for summary judgment (ECF No. 12) will be denied, and this case will be remanded to the Acting Commissioner for further administrative proceedings.

I. **Background**

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, who became the Acting Commissioner of Social Security on January 23, 2017, is substituted for Carolyn W. Colvin as the defendant in this case.

Plaintiff filed her application for DIB on December 29, 2010, alleging a disability onset date of August 1, 2009, due to a number of physical and mental impairments. (R. 307; 310). After an ALJ held a hearing and issued a decision denying the application, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision and remanded the case for a *de novo* hearing. (R. 191-196).

On remand, a new hearing before a different ALJ was held on April 23, 2014. By decision dated May 23, 2014, the ALJ determined that Plaintiff is not disabled within the meaning of the Act. (R. 68-84). The ALJ found that although Plaintiff suffers from a number of severe physical and mental impairments,[2] none of those impairments, alone or in combination, meet or equal the criteria of any listed impairment set forth in Appendix 1 to 20 C.F.R., Pt. 404, Subpart P. (R. 75-77). The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work from her alleged onset date until January 26, 2012, but that her ability to perform the full range of light work has been reduced as of January 27, 2012, by the following limitations: occasional balancing, stooping, crouching, crawling, kneeling, and climbing, but never on ladders, ropes and scaffolds; occasional pushing and pulling with the non-dominate, left upper extremity; occasional overhead reaching with the non-dominate, left upper extremity; frequent handling/gross manipulation with the non-dominate, left hand; occasional pushing and pulling with the lower extremities; and only simple, routine tasks, no complex tasks. (R. 77). Relying on testimony from a vocational expert, who took into account Plaintiff's residual functional capacity and other relevant vocational factors, the ALJ concluded that: (1) until January 26, 2012, Plaintiff retained the RFC to perform her past relevant work as a waitress and cashier; and, (2) as of

---

[2] Specifically, the ALJ found that plaintiff has the following severe impairments: diabetes, myalgia/fibromaylagia as of October 16, 2009, depression disorder as of January 27, 2012, left elbow neuropathy/cubital tunnel syndrome status post decompression as of February 27, 2012, and degenerative disc disease of the lumbar spine as of April 12, 2013. (R. 73).

January 27, 2012, while Plaintiff is no longer able to perform her past relevant work, (R. 82), she retains the RFC to perform other work that exists in significant numbers in the national economy. (R. 83-84). Accordingly, the ALJ found that Plaintiff is not disabled within the meaning of the Act. (R. 84).

On October 21, 2015, the Appeals Council denied Plaintiff's request for review, (R. 1-6), making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

## II. Standard of Review

When reviewing a disability determination, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted). If the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

Despite the deference due to administrative decisions implied by the substantial evidence standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

## III. Legal Analysis

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any ... physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A).

The Regulations set forth a five-step sequential evaluation process for determining whether a claimant is under a disability. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria of a listing in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545-46 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Barnhart v. Thomas, 540 U.S. 20 (2003). In addition, when there is evidence of a mental impairment, the Commissioner must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §404.1520a. Plummer, 186 F.3d at 432.

### A. Residual Functional Capacity

The crux of Plaintiff's argument in this case is that the ALJ's RFC finding[3] is not

---
[3] Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40.

supported by substantial evidence because the record before the ALJ did not contain *any* medical opinion as to Plaintiff's physical functional limitations. Plaintiff contends that the ALJ's failure to obtain such a medical opinion breached her duty to develop the record. Plaintiff's argument is well-taken.

It is well-settled that Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 110-11 (2000). Moreover, while it has long been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented, *see* Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980) and Dobrowolsky, 606 F.2d at 407, the ALJ's obligation to develop the record equally applies where a claimant is represented. Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005).

Here, the record before the ALJ contained no medical opinion assessing Plaintiff's ability to perform any physical work-related functions, and the ALJ failed to obtain one. "'Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant.'" Campbell v. Colvin, No. 14-1458, 2015 WL 3485743 at *3 (W.D. Pa., June 2, 2015)(*quoting* Gormont v. Astrue, 2013 WL 791455 at *7 (M.D. Pa., March 4, 2013)); *see also* Godson v. Colvin, 2015 WL 2065328 at *2 (W.D. Pa., May 4, 2015). "'Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination.'" Gormont, 2015 WL 2065328 at * 8 (*quoting* Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts,

---

In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(3)-(4); SSR 96-8p.

287–88 (2011); Campbell, 2015 WL 3485743 at *3.

In this case, the ALJ clearly did not rely on any medical assessment regarding Plaintiff's physical functional abilities when formulating the RFC, and it is unclear how the ALJ reached her conclusions. For example, there is no indication in the record as to what occurred on January 26, 2012, that rendered Plaintiff no longer capable of performing the full range of light work, or how the ALJ formulated the physical restrictions set forth in the RFC finding that reduced her ability to perform that full range of light work from January 27, 2012, onward. In fact, the only significance of the January 26, 2012, date that can be gleaned from the record is that it is the day that Plaintiff began her *mental* health treatment. Since there is no medical assessment in the record, it is unclear how the ALJ arrived at her conclusion that Plaintiff had no restrictions at all in her ability to perform the full range of light work prior to January 27, 2012, nor how the ALJ arrived at the *physical* limitations set forth in Plaintiff's RFC that were found to have reduced her ability to perform the full range of light work as of that date.

While it is true, as the Commissioner now asserts, that it is the function of the ALJ alone to determine a claimant's RFC, *see* 20 C.F.R. §404.1527(d)(2) and SSR 96-5p (the opinion of any physician, including a treating physician, on the issue of RFC never is entitled to special significance), it equally is true that the ALJ's RFC finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (citation omitted). Because the ALJ failed to explain how she arrived at her RFC finding in the absence of any medical opinion whatsoever, this court cannot determine whether that RFC evaluation is supported by substantial evidence, and a remand is necessary for clarification.

On remand, the ALJ shall obtain evidence from a medical expert and, if necessary, order a consultative examination,[4] regarding the functional limitations arising from Plaintiff's

---

[4] An ALJ's duty to develop the record requires a consultative examination where "such an examination is necessary to enable the ALJ to make the disability decision." Thompson v. Halter, 45 Fed.

physical and mental impairments,[5] and reconsider Plaintiff's RFC in light of such evidence.

**IV.    Conclusion**

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted in part and denied in part, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence 4 of §405(g).[6]

An appropriate order will follow.

*Donetta F. Ambrose*

Donetta W. Ambrose
United States District Judge

---

Appx. 146, 149, 2002 WL 2004569 (3d Cir. 2002). On remand, the ALJ must further develop the record, which may include consultative examinations as to Plaintiff's physical and mental capacity to perform work-related functions.

[5] While the record does contain a rating of Plaintiff's mental functional limitations from the state agency reviewing psychologist, Dr. Thomas Fink, (R. 506-519), that report now is over seven years old. On remand, if necessary the ALJ should obtain an updated report as to Plaintiff's mental functional limitations.

[6] Because this court is remanding this case to the Commissioner pursuant to *sentence four* of §405(g) solely on the record that was made before the ALJ, the court need not address Plaintiff's alternative argument that she is entitled to a remand under sentence 6 of §405(g) based on new and material evidence that was not, for good cause, previously presented to the ALJ. *See* Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)(summarizing the options available to the district court when the Appeals Council has denied review on a social security claim). In reviewing this case, the purported "new and material" submitted by Plaintiff has not been considered and no determination has been made as to whether that evidence would have entitled Plaintiff to a remand under sentence 6 had the ALJ's decision been found to have been supported by substantial evidence under section 4 review.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDREY DERRIG ROBERT, | ) |
| Plaintiff, | ) |
| vi. | ) |
| | ) Civil Action No. 15-324J |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

ORDER OF COURT

AND NOW, this 16th day of March, 2017, IT IS ORDERED that Plaintiff's motion for summary judgment (ECF No. 10) is granted in part and denied in part as set forth in the opinion, and that Defendant's motion for summary judgment (ECF No. 12) is denied; and,

IT FURTHER IS ORDERED that, pursuant to sentence 4 of 42 U.S.C. §405(g), the decision of the Acting Commissioner of Social Security dated May 23, 2014, is remanded to the Commissioner for further administrative proceedings consistent with the foregoing opinion.

_Donetta F. Ambrose_
Donetta W. Ambrose
United States District Judge